IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN HUSKEY AND JEFF TATTERSHALL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | |
| | § | Case No.  4:21-cv-309 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| HARPER DIRECTORY DISTRIBUTION GROUP, LLC, SEAN HARPER AND SUZANNE HARPER,  INDIVIDUALLY, | § § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs John Huskey and Jeff Tattershall ("Named Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.  For cause of action, they respectfully show as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not

less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay their non-exempt employees, including Named Plaintiffs, in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay their non-exempt employees, including Named Plaintiffs, at time-and-one-half their regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that their non-exempt employees, including Named Plaintiffs, consistently worked over forty hours per week.

## II. PARTIES

3. Named Plaintiff John Huskey is an individual residing in Arkansas. His consent is attached hereto as Exhibit A.

4. Named Plaintiff Jeff Tattershall is an individual residing in Oklahoma. His consent is attached hereto as Exhibit B.

5. Harper Directory Distribution Group, LLC is a Texas Limited Liability Company that employed Named Plaintiffs.

6. Harper Directory Distribution Group, LLC does business throughout the United States. Its registered agent for service of process is Sean Harper, and he may be served at 207 Shadow Lane, Shady Shores, Texas, 76208, or at 811 Noble Champions Way, Bartonville, Texas 76226.

7. At all times relevant to this claim, Harper Directory Distribution Group, LLC was an employer of Named Plaintiffs as defined by 29 U.S.C. §203(d).

8. Sean Harper is an individual who is also the Director and President of Harper Directory Distribution Group, LLC. He may be served at 207 Shadow Lane, Shady Shores, Texas, 76208, or at 811 Noble Champions Way, Bartonville, Texas 76226.

9.  At all times relevant to this claim, Sean Harper acted directly or indirectly in the interest of Defendant Harper Directory Distribution Group, LLC in relation to Named Plaintiffs' employment.

10. Sean Harper was an employer of Named Plaintiffs as defined by 29 U.S.C. §203(d).

11. Suzanne Harper is an individual who acted directly or indirectly in the interest of Defendant Harper Directory Distribution Group, LLC in relation to Named Plaintiffs' employment.

12. Suzanne Harper may be served at 207 Shadow Lane, Shady Shores, Texas, 76208, or at 811 Noble Champions Way, Bartonville, Texas 76226.

13. Suzanne Harper was an employer of Named Plaintiffs as defined by 29 U.S.C. §203(d).

14. At all times hereinafter mentioned, Sean and Suzanne Harper exercised managerial responsibilities and substantial control over Harper Directory Distribution Group, LLC's employees, including Named Plaintiffs, and the terms and conditions of their employment.  Sean and Suzanne Harper had and exercised the authority to: hire, fire and direct Harper Directory Distribution Group, LLC's employees, including Named Plaintiffs; supervise and control the employment relationships and work schedules of Harper Directory Distribution Group, LLC's employees, including Named Plaintiffs; set and determine the rate and method of pay of Harper Directory Distribution Group, LLC's employees, including Named Plaintiffs; and decide whether Named Plaintiffs received overtime compensation.  Further, upon information and belief, both Sean and Suzanne Harper kept and maintained employment records for Harper Directory Distribution Group, LLC's employees, including Named Plaintiffs.

### III. JURISDICTION AND VENUE

15.  This Court has subject matter jurisdiction in this matter because Named Plaintiffs assert claims arising under federal law.  Specifically, Named Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction

pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

16. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Denton County, Texas, which is where Defendant Harper Directory Distribution Group, LLC's is headquartered. Denton County, Texas is in this District and Division. Named Plaintiffs were employees of Defendants, and performed work for Defendants in and around Denton County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

17. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiffs.

18. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendant Harper Directory Distribution Group, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Harper Directory Distribution Group, LLC is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Named Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

22. In the course of performing their duties for Defendants, Named Plaintiffs would on a regular basis cross state lines to perform work in states other than Texas.  Additionally, Named Plaintiffs handled items such as cell phones, telephone directories, computers, automobiles as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

23. Defendants are in the business of distributing publications door to door throughout the United States.

24. Named Plaintiff Huskey was employed by Defendants as a regional supervisor, whose responsibility was to make sure that the independent contractors who delivered publications for Defendants delivered these publications properly.

25. Named Plaintiff Tattershall was employed by Defendants as a supervisor, who was also tasked with supervising the independent contractors who distributed publications for Defendants.

26. During all times relevant to this action, Named Plaintiff Huskey was a non-exempt employee.

27. During all times relevant to this action, Named Plaintiff Tattershall was a non-exempt employee.

28. Named Plaintiffs' primary job duties were not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

29.  Named Plaintiffs' primary job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

30. Named Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

31. Named Plaintiffs routinely worked long hours and consistently worked more than forty hours per week.

32. There was no mechanism for tracking the actual amount of hours Named Plaintiffs or other non-exempt employees worked each week.

33. Defendants have employed and are employing other individuals as non-exempt employees who were subjected to the same treatment as Named Plaintiffs, in that they are not paid overtime premiums for any hours worked over forty per workweek.

34. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and all other similarly situated employees.

## VI. COLLECTIVE ACTION ALLEGATIONS

35. Named Plaintiffs seek to issue notice to all similarly situated current and former employees pursuant to 29 U.S.C. § 216(b) for the following class (the "FLSA Class Members"):

> **All current and former non-exempt employees employed by Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

36.  Named Plaintiffs and the FLSA Class Members were subjected to the same pay provisions in that they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.  Thus, the Class Members are owed unpaid overtime

for the same reasons as Named Plaintiffs, without regard to their individualized circumstances or their job duties.

37. Defendants' failure to compensate their non-exempt employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to  the FLSA Class Members in the manner described herein above.  This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiffs and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiffs also applied to all FLSA Class Members.

38. Defendants never paid Named Plaintiffs or the FLSA Class Members any overtime premiums for any hours worked over forty per week even though they consistently worked more than forty hours per week.

39. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Named Plaintiffs and the FLSA Class Members.

### VII. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. Named Plaintiffs incorporate all allegations contained in the foregoing paragraphs as though fully set forth herein.

41. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Named Plaintiffs and the FLSA Class Members, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating

Named Plaintiffs for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rate for which they was employed.  Defendants have acted willfully in failing to pay Named Plaintiffs and the FLSA Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Named Plaintiffs John Huskey and Jeff Tattershall pray for judgment against Defendants Harper Directory Distribution Group, LLC, Sean Harper and Suzanne Harper, jointly and severally, as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Named Plaintiffs (and those who have joined, or may join the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiffs (and those who have joined, or may join the suit);

b.      For an Order awarding Named Plaintiffs (and those who have joined, or may join the suit) the taxable costs and allowable expenses of this action;

c.      For an Order awarding Named Plaintiffs (and those who have joined, or may join the suit) attorneys' fees;

d.      For an Order awarding Named Plaintiffs (and those who have joined, or may join the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.      For an Order awarding Named Plaintiffs (and those who have joined, or may join the suit) declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFFS**